Jennifer S. Smith, Esq.
ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.
80 Campus Drive
South Kearny, New Jersey 07032
Telephone: (973) 522-0766
*Attorneys for Plaintiff Morgan Keegan & Company, Inc.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MORGAN KEEGAN & COMPANY, INC. | CIVIL ACTION NO. |
| Plaintiff, | |
| - against- | COMPLAINT |
| HENRY CHEN, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

Plaintiff Morgan Keegan & Company, Inc. ("Morgan Keegan"), by its undersigned counsel, states its complaint for declaratory and injunctive relief against Defendant Henry Chen ("Defendant"), as follows:

### INTRODUCTION

1. Morgan Keegan seeks a declaratory judgment, and preliminary and permanent injunctive relief, to preclude Defendant from pursuing an arbitration proceeding he has filed against Morgan Keegan before the Financial Industry

Regulatory Authority ("FINRA"). Defendant should be enjoined from pursuing the arbitration because there is no agreement to arbitrate between Morgan Keegan and Defendant, and Defendant is not and has never been a customer of Morgan Keegan under FINRA rules.

## PARTIES

2. Morgan Keegan is a regional broker-dealer founded in 1969. The company is incorporated under the laws of the State of Tennessee, with its principal place of business located at 50 North Front Street, Memphis, Tennessee 38103.

3. Upon information and belief, Henry Chen is a citizen of the State of New Jersey and a resident of this judicial district, residing at 1980 Marianne Way Union, New Jersey 07093.

## JURISDICTION AND VENUE

4. The Court has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 because the underlying dispute is predicated on alleged violations of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. Section 78aa of Title 15 of the U.S. Code grants federal courts "exclusive jurisdiction of violations" of the Securities Exchange Act of 1934.

5.  The Court also has original subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

6.  The Court has personal jurisdiction over Defendant because Defendant is a resident of the State of New Jersey and because this action arises out of specific activities undertaken by Defendant within the State of New Jersey, namely, instituting the arbitration against Morgan Keegan and requesting that the arbitration be held in Newark, New Jersey.

7.  Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred within this judicial district, namely, Defendant brought his arbitration against Morgan Keegan and requested arbitration in this judicial district. In addition, upon information and belief, Defendant resides in this judicial district.

## FACTS

8.  Defendant initiated an arbitration proceeding on or about June 30, 2011 against Morgan Keegan before the Financial Industry Regulatory Authority ("FINRA"), styled *Henry Chen v. Morgan Keegan & Co., Inc.* (FINRA Case No. 11-02664) (the "FINRA Arbitration"). Upon information and belief, Defendant requested that the Arbitration be held in Newark, New Jersey, and FINRA has

selected Newark, New Jersey as the location for the FINRA Arbitration. Without admitting or incorporating any of the allegations therein, Morgan Keegan hereby attaches a true and correct copy of the Statement of Claim Defendant filed initiating the FINRA Arbitration as Exhibit A. The Statement of Claim was served on Morgan Keegan on or about August 18, 2011.

9. Defendant asserts the following claims against Morgan Keegan in the FINRA Arbitration: (1) fraud, (2) failure of supervision, (3) violations of the New Jersey Uniform Securities Act, (4) violations of the Tennessee Consumer Protection Act, (5) violations of the Securities Act of 1933, and (6) violations of the Securities Exchange Act of 1934 and the rules promulgated thereunder. Morgan Keegan denies that it has any liability relating to these claims.

10. In the FINRA Arbitration, Defendant's claims all relate to his alleged purchases of shares of closed-end, high-yield funds (the "Funds"). Defendant did not purchase the Funds through Morgan Keegan. Rather, as acknowledged in Defendants' Statement of Claim in the FINRA Arbitration, Defendant purchased the Funds through two unrelated, third-party broker-dealers, Scottrade and Bank of America (Statement of Claims, at pg. 6).

11. Defendant has never entered into any agreement with Morgan Keegan to arbitrate any claims, including the claims asserted in Defendant's Statement of Claim in the FINRA Arbitration.

12. No arbitration agreement, or any agreement at all, exists between Morgan Keegan and Defendant. Therefore, Morgan Keegan has no obligation to arbitrate any claims brought by Defendant, and there is no legal basis upon which Defendant can compel Morgan Keegan to arbitrate his claims in the FINRA Arbitration.

13. Defendant is not now and has never been a "customer" of Morgan Keegan. Defendant has never had a brokerage account with Morgan Keegan, has never entered into any contract with Morgan Keegan, and Defendant did not purchase the Funds or any other security from Morgan Keegan. In short, Morgan Keegan and Defendant do not have and have never had any contractual or other relationship, such that Defendant is not and has never been a customer of Morgan Keegan.

14. Lacking any agreement with Morgan Keegan to arbitrate, Defendant attempts to force Morgan Keegan to arbitrate under FINRA Rules. In the absence of a written arbitration agreement, FINRA members such as Morgan Keegan are obligated to arbitrate disputes only if the arbitration is "[r]equested by the *customer*" and if the "dispute is between a *customer* and a member or associated person of a member." FINRA Rule 12200 (emphasis added). See Exhibit B.

15. Morgan Keegan will be irreparably harmed if it is compelled to arbitrate this dispute when it has not agreed to arbitrate the dispute. Upon

information and belief, Morgan Keegan will also suffer substantial monetary damages if it is forced to defend the FINRA Arbitration.

16. Whether Morgan Keegan can be compelled to arbitrate the claims asserted against it by Defendant in the FINRA Arbitration is an issue that affects the parties' legal interests with immediacy because unless Defendant is enjoined from arbitrating with Morgan Keegan the claims asserted it in the FINRA Arbitration, Morgan Keegan will have to answer or otherwise plead in response to Defendant's Statement of Claim, which may have the effect of waiving its right to have its dispute heard in a court of competent jurisdiction. Thus, declaratory and injunctive relief is necessary to prevent Morgan Keegan from having to arbitrate claims it did not agree to arbitrate.

17. A declaratory judgment that Defendant cannot compel Morgan Keegan to arbitrate his claims, and preliminary and permanent injunction enjoining Defendant's pursuit of his claims against Morgan Keegan in the FINRA Arbitration are proper and warranted.

## COUNT 1

### (DECLARATORY JUDGMENT)

18. Morgan Keegan repeats and re-alleges the allegations in paragraphs 1 through 17 as if fully set forth herein.

19. No arbitration agreement exists between Defendant and Morgan Keegan to arbitrate any disputes, including the claims asserted by Defendant in the FINRA Arbitration.

20. On information and belief, Defendant seeks arbitration based on Rule 12200 of the FINRA Code of Arbitration, which provides:

Parties must arbitrate a dispute under this Rule if:

- Arbitration under the Code is either:

    (1) Required by a written agreement, or

    (2) Requested by the customer;

- The dispute is between a customer and a member or associated person of a member; and

- The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

21. To compel arbitration under FINRA Rule 12200, Defendant must show that the dispute is between a customer and a FINRA member.

22. Defendant is not and has never been a customer of Morgan Keegan.

23. Accordingly, Morgan Keegan lacks any obligation to arbitrate any claims against Defendant, including with respect to the claims asserted by Defendant against Morgan Keegan in the FINRA Arbitration.

24. Declaratory relief is appropriate because the dispute between the parties is definite and concrete, affecting the parties' adverse legal interests with sufficient immediacy.

25. Morgan Keegan, therefore, requests a declaratory judgment from this Court pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 that Morgan Keegan has no obligation to arbitrate Defendant's claims.

## COUNT II

### (INJUNCTIVE RELIEF)

26. Morgan Keegan repeats and re-alleges the allegations in paragraphs 1 through 25 as it fully set forth herein.

27. Morgan Keegan will suffer immediate and irreparable harm if it is compelled to arbitrate claims it did not agree to arbitrate.

28. Morgan Keegan has a likelihood of success on the merits in that Morgan Keegan has no obligation to arbitrate with Defendant the claims asserted against Morgan Keegan by the Defendant in the FINRA Arbitration, as there is no arbitration agreement between Morgan Keegan and Defendant and Defendant is not a "customer" for purposes of FINRA Rule 12200.

29. Morgan Keegan has no adequate remedy at law.

30. Morgan Keegan is entitled to preliminary and permanent injunctive relief enjoining Defendant from proceeding with the FINRA Arbitration.

## PRAYER FOR RELIEF

WHEREFORE, Morgan Keegan respectfully requests:

A. Entry of a declaratory judgment that Morgan Keegan has no obligation to arbitrate the FINRA Arbitration initiated by Defendant;

B. Entry of orders preliminarily and permanently enjoining Defendant from further proceedings against Morgan Keegan in the FINRA Arbitration; and

C. Such other and further relief as to the Court is fair, just and proper.

Dated: October 7, 2011

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

By: _____
Jennifer S. Smith
80 Campus Drive
S. Kearny, New Jersey 07032
Telephone: (973) 522-0766
jss@robinsonbrog.com
*Attorneys for Plaintiff Morgan Keegan & Company, Inc.*

*Of Counsel*
George C. Freeman, III (LA #14272)
Larry Mobley (LA #29990)
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2400
New Orleans, Louisiana 70112
Telephone:  (504) 589-9700
Facsimile:   (504) 589-9701